IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02749–PAB–KMT

PHILIP ANDREW WOLF,

      Plaintiff,

v.

JAMES PETROCK,

      Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendant violated Plaintiff's Fifth Amendment rights and

his rights under 28 U.S.C. §§ 2201 and 2202.  This matter is before the court on Defendant's

"Motion to Dismiss with Prejudice"[1] (Doc. No. 15) and "Plaintiff's Motion for Summary

Judgment" (Doc. No. 22).

### STATEMENT OF THE CASE

On April 21, 2003, Gilpin County, Colorado, filed a complaint in county court against

Philip and Kathleen Wolf to assess civil penalties for zoning violations under Colo. Rev. Stat. §

30-28-124.5.  (Mot. to Dismiss with Prejudice, Ex. 1 at 1 [hereinafter "Def.'s Mot. Summ. J."]

[filed May 26, 2009].)  On July 28, 2003, Wolf and his wife were found by the Gilpin County

---

[1]Defendant's motion to dismiss included documents outside the pleadings in support of
his arguments.  This court converted Defendant's motion to dismiss to a motion for summary
judgment.  (*See* Doc. No. 38.)

Court in Case No. 2003C67 to be in violation of Gilpin County Zoning Resolutions.  (Def.'s Mot. Summ. J., ¶ 1; Ex. 1.)  Defendant asserts that, specifically, Plaintiff failed or refused to obtain building permits for two separate structures upon his real property located in Gilpin County.  (*Id.*, ¶1.)  The Gilpin County Court assessed civil penalties of $250 per violation.  (*Id.*)  Defendant states that on August 25, 2003, pursuant to a Motion for Assessment of Per Diem Penalties filed by Gilpin County, the Gilpin County Court, in addition to the fine, ordered that per diem penalties of $50.00 per violation be imposed.  (*Id.*)

The Wolfs appealed the July and August 2003 Gilpin County Court Orders, and the Jefferson County District Court affirmed these judgments on August 4, 2004.  (*Id.*, Ex. 1.)  The Jefferson County District Court also awarded Gilpin County its appellate costs and attorneys fees, finding Wolf's appeal frivolous and groundless.  (*Id.*, Ex. 1 at 4.)  Wolf did not file a petition for writ of certiorari, and these judgments are final.

Defendant asserts that since the August 25, 2003 Order denying Wolf's appeal, the Gilpin County Court has "many times entered judgments assessing per diem penalties against Wolf for his continued failure to cure, correct or remove the violations found in Case No. 2003C67."  (*Id.*, ¶ 3.)  Defendant states that the last judgment of the Gilpin County Court assessing per diem penalties was on July 29, 2008.  (*Id.*)

Defendant asserts that Wolf has continued to file motions in Case No. 2003C67 in an attempt to avoid the Orders in Case No. 2003C67 and 2003CV69.  (*Id.*, ¶ 3.)  In an Order dated December 19, 2006, the Gilpin County Court denied Wolf's motions, which included a Crim. P. 35(c) Motion for Relief, Motion for Injunctive Relief, and Motion for Declaratory Judgment.

2

(*Id.*, ¶ 4; Ex. 2.)  The Gilpin County Court awarded Gilpin County its attorney fees and costs in

defending against Wolf's frivolous and groundless motions.  (*Id.*, Ex. 2 at 2.)  Defendant states

that Wolf's appeal of the December 19, 2006 Order was dismissed by the Jefferson County

District Court.  (*Id.*, ¶ 4.)

Defendant asserts that Wolf has continued to attempt to avoid the Orders in Case No.

2003C67.  (*Id.*, ¶ 5.)  On November 13, 2008, Wolf filed a Motion to Vacate the Gilpin County

Court's Judgments in Case No.2003C67.  (*Id.*, Ex. 3.)  In Wolf's Motion to Vacate, he asserted

that the Gilpin County Court did not have authority to enter the judgments in that case because

the County does not have the authority to regulate Wolf's land, as it is "mineral land" exempt

from County regulation pursuant to federal law.  (*Id.*)  Wolf also argued that the County's

regulation of the land is a violation of federal law and Colorado criminal statutes.  (*Id.*)  The

Gilpin County Court denied Wolf's Motion to Vacate Judgment on November17, 2008.  (*Id.*, ¶ 6;

Ex. 5.)  Defendant states Wolf did not appeal that denial.  (*Id.*, ¶ 6.)

Defendant argues that in this case, Wolf seeks in federal court what he has been denied

many times and sanctioned for in Gilpin County Court and Jefferson County District Court.  (*Id.*,

¶ 7.)  Plaintiff has named as the defendant James Petrock, the County Attorney for Gilpin

County, Colorado.  (*Id.*, ¶ 9; First Am. Compl. at 1 [hereinafter "Am. Compl."] [filed April 30,

2009].)  Plaintiff asserts Defendant "has expressed a belief that municipal code of Gilpin County

or Colorado state statutes provide him free and unencumbered access to Plaintiff's land at any

time of day or night, and on every day of every year, contrary to laws of the United States."

(Am. Compl., ¶ 2.3.)  Plaintiff states that he owns land upon which he owns federal land patents

3

and that Gilpin County and others are violating Colorado and federal law by regulating his lands. (*Id.*, ¶ 2.4.)  Plaintiff seeks injunctive and declaratory relief.  (*Id.*, ¶¶ 3.1–3.2.)

Plaintiff moves for summary judgment based on the same arguments asserted in his Complaint and prior state court cases.  (Pl.'s Mot. Summ. J. [filed July 9, 2009].)  Defendant seeks dismissal on the bases that (1) Plaintiff's claims are barred by claim preclusion and issue preclusion; (2) Defendant Petrock is not the proper party to be defending this suit; (3) Plaintiff has failed to state a claim upon which relief can be granted; and (4) Plaintiff has failed to join the parties necessary for resolution of his claims pursuant to Fed. R. Civ. P. 19.  (Def.'s Mot. Summ. J.)  Defendant also filed a supplement to his Motion asserting that Plaintiff's claims are barred by his own admissions and pursuant to judicial estoppel.  (Supplement to Mot. to Dismiss with Prejudice [hereinafter "Supplement"] [filed May 28, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on December 17, 2008, in which no defendants were named.  (Ex Parte Verified Compl. under 5th Amdt., and under 27 USC §§ 2201, 2202 [hereinafter "Compl."].)  On January 16, 2009, this court reviewed the Complaint and determined that it appeared Plaintiff intended to name Frederick Rogers, James Petrock, and Anthony Peterson as defendants, and directing the Clerk of Court to add the these individuals as defendants and to amend the case caption to reflect their addition as the defendants.  (Doc. No. 6.)  On February 4, 2009, Plaintiff filed a "Mandatory Judicial Notice of waiver of claim" in which he stated as follows:

> Plaintiff hereby revokes in full his compliance with 18 USC § 4 by placing this Court on mandatory judicial notice that he <u>does not</u> seek to report crime of said persons.  All references to, and claims stated against, FREDERICK ROGERS, JAMES PETROCK, and ANTHONY PETERSON, are hereby waived, as they are found in Plaintiff's civil complaint which in no way was directed at these persons.

(Mandatory Judicial Notice of waiver of claim [hereinafter "Waiver"].)  On March 23, 2009, this court ordered that Frederick Rogers, James Petrock, and Anthony Peterson be terminated as defendants.  (Doc. No. 10.)  On April 20, 2009, this court issued an Order to Show Cause why Plaintiff's case should not be dismissed for failure to serve any defendants pursuant to Fed. R. Civ. P. 4(m).  (Doc. No. 11.)  On April 30, 2009, Plaintiff filed his First Amended Complaint naming James Petrock as the defendant.  (Am. Compl.)

On May 26, 2009, Plaintiff filed a motion for summary judgment.  (Pl.'s Mot. Summ. J.)  Defendant filed his response on July 29, 2009.  (Resp. to Pl's Mot. Summ. J.)  Plaintiff filed his reply on August 26, 2009.  (Reply to Opp'n [hereinafter "Reply to Pl.'s Mot. Summ. J."].)

On May 26, 2009, Defendant filed his motion to dismiss.  (Def.'s Mot. Summ. J.)  This court converted Defendant's motion to dismiss to a motion for summary judgment and allowed Plaintiff additional time to respond to the converted motion.  (Doc. No. 38.)  Plaintiff filed his response to the summary judgment motion on September 15, 2009.  (Pl's opp'n to Def.'s mot. to dismiss [hereinafter "Pl.'s Resp. to Def.'s Mot. Summ. J."].)  The court finds a reply from Defendant unnecessary.  These motions are ripe for review and recommendation.

**STANDARD OF REVIEW**

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

*2.*     ***Summary Judgment Standard***

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

6

fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)

(2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc.*

*v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the

initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the

burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material

matter."  *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  The nonmoving

party may not rest solely on the allegations in the pleadings, but must instead designate "specific

facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ.

P. 56(e) (2006).  A fact in dispute is "material" if it might affect the outcome of the suit under

the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable

jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th

Cir. 1997) (citing *Anderson*, 477 U.S. at 248).  The court may consider only admissible evidence

when ruling on a summary judgment motion.  *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*,

756 F.2d 1467, 1474 (10th Cir. 1985).  The factual record and reasonable inferences therefrom

are viewed in the light most favorable to the party opposing summary judgment.  *Byers v. City of*

*Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

*1.*     *Defendant's Motion for Summary Judgment*

    *A.*     *Res Judicata*

Defendant asserts that this case is barred by the doctrine of *res judicata* and collateral

estoppel.  Though sometimes used to refer to the narrower concept of claim preclusion, *res*

*judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes

called collateral estoppel.  *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987).

The Tenth Circuit has stated:

> The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue
> preclusion, are closely related.  *Res judicata* generally applies when there is a
> final judgment on the merits which precludes the parties or their privies from
> relitigating the issues that were decided or issues that could have been raised in
> the earlier action.  A claim is barred by *res judicata* when the prior action
> involved identical claims and the same parties or their privies.  Collateral
> estoppel, however, does not always require that the parties be the same.  Instead,
> collateral estoppel requires an identity of issues raised in the successive
> proceedings and the determination of these issues by a valid final judgment to
> which such determination was essential.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and

quotations omitted).  "Both doctrines require that the party or parties against whom the earlier

decision is asserted had a full and fair opportunity to litigate the claim or issue."  *SIL-FLO, Inc.*

*v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Constr. Corp.*,

456 U.S. 461, 481 n.22 (1982)).

Because the underlying case arose in the State of Colorado, Colorado law will determine

if *res judicata* provides for the preclusive effect sought here.  *See Vanover v. Cook*, 260 F.3d

1182, 1187 (10th Cir. 2001).  Under Colorado state law, *res judicata*, "bars relitigation not only

of all issues actually decided, but of all issues that might have been decided." *Pomeroy v.*

*Waitkus*, 517, P. 2d 396, 399 (1974) (emphasis added); *State Engineer v. Smith Cattle, Inc.*, 780

P.2d 546, 549 (Colo.,1989).  *Res judicata* operates as a bar to a second action on the same claim

as one litigated in a prior proceeding where three elements exist: (1) a final judgment on the

merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present

suit; and (3) the prior suit involved the same parties or their privies.[2]

One of the main policy considerations underlying *res judicata* is the interest in bringing

litigation to an end.  *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir.

1997); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 327 F. Supp. 2d 1252, 1258 (D. Kan.

2004).  The final "judgment puts an end to the cause of action, which cannot again be brought

into litigation between the parties upon any ground whatever." *C.I.R. v. Sunnen*, 333 U.S. 591,

597 (1948).  *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 378

(1940); *John v. United States,* 77 Fed. Cl. 788, 818 (Fed. Cl. 2007).  "By preventing repetitious

litigation, application of *res judicata* avoids unnecessary expense and vexation for parties,

conserves judicial resources, and encourages reliance on judicial action." *Nwosun*, 124 F.3d at

1258.  Additionally,

---

[2]Federal law has almost identical requirements concerning the application of claim
preclusion in the Tenth Circuit and requires: "(1) a judgment on the merits in the earlier action;
(2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in
both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

> where the successful pursuit of a federal claim . . . would undermine a prior state judgment or impair rights established thereby, such claim cannot survive application of res judicata principles.  Judicial economy is not the only reason for the doctrine of res judicata.  Res judicata also preserves the integrity of judgments and protects those who rely on them.

*Copeman v. Ballard*, 214 Fed. App'x 739, 741 (10th Cir. 2007) (internal quotations and citations omitted).

### i.      *Final Judgment on the Merits*

Plaintiff's state court cases were decided on the merits.  (*See* Def.'s Mot. Summ. J., Ex. 1 at 1, 4; Ex.2 at 1–2.)  Plaintiff did not appeal his state court cases to the Colorado Court of Appeals or seek certiorari review by the Colorado Supreme Court.  The state court judgments are final.  Therefore, this element of *res judicata* is satisfied.

### ii.      *Identity of Parties*

A prerequisite to a finding of *res judicata* in this action is a finding that the plaintiffs in the state court actions are in privity with the defendant in this action.  *See Frandsen*, 46 F.3d at 978.  In the Tenth Circuit, the issue of whether privity exists is a question of fact.  *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989).  "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of *res judicata* and collateral estoppel.  Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."  *Id.* at 1275.

In the first state court case, Philip Wolf was a defendant to an action brought by Gilpin County, Colorado.  (*See id.*, Ex. 1.)  In the second state court case, Philip Wolf was a defendant

to an action brought by the Board of County Commissioners of Gilpin County, acting as the

Gilpin County Board of Health.  (*See id.*, Ex. 2.)  Although the parties in this case are not

identical to the parties in the state court cases, the defendant in this action is a County Attorney

for Gilpin County, Colorado.  (*Id.*, ¶ 9.)

The court finds the defendant in this case and the plaintiffs who brought actions against

Wolf in the state courts are in privity.  Under Colorado law, "'[p]rivity between a party and a

non-party requires both a substantial identity of interests and a working or functional relationship

. . . in which the interests of the non-party are presented and protected by the party in the

litigation.'"[3]  *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982 (10th Cir. 2002)

(quoting *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999)).  Here, there clearly is an identity of

interest and a working or functional relationship between the plaintiffs in the state court cases

and the defendant in this action who was employed by the plaintiffs involved in the state court

actions.  Therefore, this element of *res judicata* is satisfied.

### iii.     Identity of Claims

The Tenth Circuit has adopted the transactional approach of the Restatement (Second) of

Judgments to determine what constitutes a "cause of action" for *res judicata* purposes.  *King v.*

*Union Oil Co. of Calif.*, 117 F.3d 443, 445 (10th Cir. 1997).  The "transactional" approach

provides:

---

[3]"Federal law also incorporates state law when, as with the concept of privity, the issue is
more distinctively substantive."  *Hartsel Springs Ranch*, 296 F.3d at 986 (quoting
*Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1333 (10th Cir. 1998)).

11

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.  What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.

*King*, 117 F.3d at 445 (citing *Lowell Staats Mining Co.*, 878 F.2d at 1274).  *See also*

*Petromanagement Corp.*, 835 F.2d at 1335; RESTATEMENT (SECOND) OF JUDGMENTS § 24

(1982).

Plaintiff's complaint in this action is nearly incomprehensible.  Plaintiff states that he

owns land upon which he owns federal land patents.  (Am. Compl., ¶ 2.4)  He alleges that

"[m]unicipal creatures of the State have acted in defiance of Colorado's enabling act at U.S.

Public Law 18 Stat. § 474 which withholds from the State of Colorado all authority to act in

relation to 'mineral lands.'"  (*Id.*)  Plaintiff claims that

> such creatures . . . are attempting to extort substantial sums of money from the Plaintiff under color of law and of official right.  These demands arise from criminal trespass onto Plaintiff's land by municipal employees and the assessment of fines for alleged violations of code which cannot be applied to Plaintiff's land without offending 18 Stat. § 474.

(*Id.*)  Plaintiff apparently seeks to prevent these "creatures" from exercising jurisdiction over his

lands and to enjoin them from enforcing zoning regulations and collecting the penalties assessed

by the state courts.

This court finds that this action arose out of the state court actions brought by Gilpin

County and the Board of County Commissioners of Gilpin County.  Indeed, Wolf, in his motion

to vacate the judgment in Gilpin County Court Case Number 03-C-67, asserted, among other

claims, the same claims he asserts in this case — that the Gilpin County Court did not have authority to enter the judgments in that case because the County does not have the authority to regulate Wolf's land, as it is "mineral land" exempt from County regulation pursuant to federal law (Def.'s Mot. Summ. J., Ex. 3, at 4, ¶ 2.3); and that Gilpin County's conduct in regulating Wolf's land is a violation of U.S. Public Law 18 Stat. § 474 and Colorado penal statutes (*id.*, ¶ 2.4).  The Gilpin County Court denied Wolf's Motion to Vacate Judgment on November17, 2008.  (*Id.*, ¶ 6; Ex. 5.)  The state court actions and this action are "related in time, space, origin, or motivation" and they "form a convenient trial unit."  *King* at 445.

This court agrees with the state courts that Plaintiff's positions are frivolous, groundless, and wholly without merit.  (Def.'s Mot. Summ. J., Ex. 1 at 4; Ex. 2 at 2.)  Plaintiff in this case is attempting to pick low-hanging fruit from the tree of jurisprudence and obtain the forbidden second bite of the apple.  There is no genuine issue as to any material fact, and summary judgment should be granted in favor of Defendant and against Plaintiff, as Plaintiff's claims are barred by *res judicata*.

This court need not address the remaining arguments made by Defendant in his motion.

**2.**      ***Plaintiff's Motion for Summary Judgment***

Plaintiff moves for summary judgment, citing statutory and case law with no analysis.  In order for summary judgment to be appropriate, the moving party must present evidence to show there is no material fact in dispute.  Fed. R. Civ. P. 56.  The moving party has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."  *Trainor v. Apollo Metal Specialties, Inc.*,

318 F.3d 976, 979 (10th Cir. 2002).  "The moving party may carry its initial burden by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  *Id.*  In addition, the moving party must make more than simple conclusory assertions that there are no material facts in dispute.  *Windon Third Oil & Gas Drilling P'ship v. F.D.I.C.*, 805 F.2d 342, 345–46 n.7 (10th Cir. 1986) (quotation omitted).

Plaintiff's motion contains mere conclusory assertions.  Plaintiff has wholly failed to meet his burden of establishing that summary judgment is appropriate as a matter of law.  Based on this failure, and also based on the court's recommendation that Defendant's motion for summary judgment be granted, Plaintiff's motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1.    Defendant's "Motion to Dismiss with Prejudice" converted to a Motion for Summary Judgment (Doc. No. 15) be GRANTED;

2.    "Plaintiff's Motion for Summary Judgment" (Doc. No. 22) be DENIED;

3.    This case be dismissed in its entirety, with prejudice, as barred by *res judicata*; and

4.    Costs be awarded to Defendant pursuant to 28 U.S.C. 1920 and D.C.COLO.LCivR 54.1.

14

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the 6district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

15

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 24th day of September, 2009.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge