IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-02749-PAB-KMT

PHILIP ANDREW WOLF,

    Plaintiff,

v.

JAMES PETROCK,

    Defendant.
_____

**ORDER DENYING MOTION FOR ATTORNEYS' FEES**
_____

    This matter is before the Court on the defendant James Petrock's motion for attorneys' fees and costs [Docket No. 58]. Plaintiff Philip Andrew Wolf, a resident and landowner in Gilpin County, Colorado, filed this case *pro se* on December 17, 2008 [Docket No. 1]. In an amended complaint [Docket No. 12], Mr. Wolf named Mr. Petrock as the sole defendant and challenged the County's authority to assess fines for zoning violations and to enter Mr. Wolf's land. Mr. Wolf attempted to base his claims entirely on federal law.

    On May 26, 2009, Mr. Petrock filed a motion to dismiss the case under Federal Rule of Civil Procedure 12 raising, among other grounds for dismissal, res judicata [Docket No. 15]. The Court referred the motion for recommendation to Magistrate Judge Kathleen M. Tafoya [Docket No. 16] who, due to defendant's reliance on documents outside the pleadings, converted the motion to dismiss to one for summary judgment under Rule 56 [Docket No. 38]. On September 24, 2009, the magistrate

judge issued her recommendation suggesting that the Court grant defendant's motion under Rule 56 on res judicata grounds, dismiss the entire action with prejudice, and award defendant his costs [Docket No. 41]. Mr. Wolf did not file an objection to the recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). On October 19, 2009, this Court accepted the recommendation of the magistrate judge in its entirety [Docket No. 47], dismissed the case with prejudice, and awarded defendant his costs.

Defendant now seeks his attorneys' fees for litigating this case [Docket No. 58]. I first note that his present motion is entitled "Motion for Attorneys' Fees and *Costs*." The Court's October 19, 2009 order granted defendant his costs and the judgment in this case [Docket No. 48] ordered defendant to file his Bill of Costs within ten days of the entry of judgment. To date, defendant has not filed, either as part of the present motion or otherwise, a Bill of Costs. Therefore, the cost issue is not before the Court and I need only address Mr. Petrock's attorneys' fees.

A prevailing party in federal court may receive attorneys' fees with respect to federal claims only where provided by statute or agreement. *See Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237-38 (10th Cir.1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Defendant's motion identifies two potential sources of his alleged entitlement to attorneys' fees in this case: Federal Rule of Civil Procedure 11 and Colorado Revised Statutes § 13-17-102(2).[1] However,

---

[1] Defendant's motion also cites to Federal Rule of Civil Procedure 54(d)(2)(A). However, Rule 54(d)(2)(A) is procedural in nature and does not provide an independent basis for the award of attorneys' fees.

2

defendant can prevail on neither of these grounds and, therefore, the motion will be denied.

According to Rule 11:

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

However, pursuant to Rule 11's "safe harbor" provision, before a party may seek Rule 11 sanctions against an opponent, the opponent must be given an opportunity to withdraw the allegedly violative statement. To that end, a motion for sanctions under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

There is no evidence that the defendant in the present case, Mr. Petrock, complied with Rule 11's "safe harbor" provision. The "safe harbor" provision is strictly enforced in this circuit. *See, e.g., Roth v. Green*, 466 F.3d 1179, 1192-93 (10th Cir. 2006) (holding that substantial compliance with Rule 11's "safe harbor" provision was not sufficient). Because Mr. Petrock does not appear to have complied with Rule 11(c)(2), the Court will not sanction Mr. Wolf under Mr. Petrock's Rule 11 motion. *Roth*, 466 F.3d at 1192. Furthermore, the Tenth Circuit has held that a prevailing party, like Mr. Petrock, cannot wait until after a case is dismissed to file a Rule 11 motion. *Roth*, 466 F.3d at 1193. Therefore, Mr. Petrock is not entitled to his attorneys' fees under Rule 11.

The second basis for Mr. Petrock's motion, Colorado Revised Statute § 13-17-102, also is unavailing. According to § 13-17-102:

> Subject to the limitations set forth elsewhere in this article, in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

Federal courts sitting in diversity treat state attorney fee provisions as substantive and, therefore, applicable to the state-law claims before them. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). The state laws, however, have no applicability to federal claims brought in federal court. Because Mr. Wolf asserted only

4

federal claims in his amended complaint, Mr. Petrock may not rely on Colorado's attorney fee provisions.

Mr. Petrock offers no additional grounds for his entitlement to attorneys' fees in his motion. Federal Rule of Civil Procedure 54 requires that "[u]nless a statute or a court order provides otherwise, the motion must . . . specify the judgment and the statute, rule, or other grounds entitling the movant to the award . . . ." Fed. R. Civ. P. 54(d)(2)(B)-(B)(ii). Having failed to so specify, it is

**ORDERED** that defendant James Petrock's motion for attorneys' fees and costs [Docket No. 58] is DENIED.

DATED June 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge